UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROADCAST MUSIC, INC.; BEECHWOOD MUSIC CORPORATION; MUSCLE SHOALS SOUND PUBLISHING CO., a division of NORTHSIDE PARTNERS; PEERMUSIC III LTD.; and TANGERINE MUSIC CORP., <br><br> Plaintiffs, <br><br> v. <br><br> REVOLUTION ALE WORKS, LLC d/b/a STOLEN SUN BREWING & ROASTING COMPANY and JONATHAN ZANGWILL, <br><br> Defendants. | Civil Action No. 25-554 <br><br> **COMPLAINT** |

Plaintiffs Broadcast Music, Inc.; Beechwood Music Corporation; Muscle Shoals Sound Publishing Co., a division of Northside Partners; Peermusic III Ltd.; and Tangerine Music Corp. (collectively, "Plaintiffs") for their Complaint against Defendant Revolution Ale Works, LLC d/b/a Stolen Sun Brewing & Roasting Company and Jonathan Zangwill (collectively, "Defendants"), allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

**JURISDICTION AND VENUE**

1. This is an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 22.4 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions that are the subject of this lawsuit. All Plaintiffs are joined pursuant to Federal Rule of Civil Procedure 17(a) and 19(a).

5. Plaintiff Beechwood Music Corporation is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Muscle Shoals Sound Publishing Co., a division of Northside Partners is a partnership. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Peermusic III Ltd. is a limited company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Tangerine Music Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Defendant Revolution Ale Works, LLC is a limited liability company organized and existing under the laws of the state of Pennsylvania that operates, maintains, and controls an establishment known as Stolen Sun Brewing & Roasting Company (the "Establishment"), located at 342 N Pottstown Pike Suite B, Exton, Pennsylvania 19341, in this district.

10. In connection with the operation of the Establishment, Defendant Revolution Ale Works, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

11. Defendant Revolution Ale Works, LLC has a direct financial interest in the Establishment.

12. Defendants Jonathan Zangwill is a member of Defendant Revolution Ale Works, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

13. Defendants Jonathan Zangwill has the right and ability to supervise the activities of Defendant Revolution Ale Works, LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

14. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 13.

15. BMI has reached out to Defendants over forty (40) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

16. Plaintiffs allege three (3) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same

legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

17. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the three (3) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

18. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

19. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

20. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the

4

Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

21. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

22. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated:  January 31, 2025 **GIBBONS P.C.**

s/ Stephen J. Finley, Jr.
Stephen J. Finley, Jr. (PA Bar ID 200890)
One Logan Square, Suite 1210
Philadelphia, Pennsylvania 19103
(215) 665-0400
sfinley@gibbonslaw.com

*Attorneys for Plaintiffs*

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Another One Bites The Dust |
| Line 3 | Writer(s) | John Deacon |
| Line 4 | Publisher Plaintiff(s) | Beechwood Music Corporation |
| Line 5 | Date(s) of Registration | 7/3/80 |
| Line 6 | Registration No(s). | PA 73-494 |
| Line 7 | Date(s) of Infringement | 02/15/24 |
| Line 8 | Place of Infringement | Stolen Sun Brewing & Roasting Company |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Old Time Rock And Roll a/k/a Old Time Rock 'N Roll |
| Line 3 | Writer(s) | George Jackson; Thomas E. Jones, III |
| Line 4 | Publisher Plaintiff(s) | Thomas J. Couch, Stewart M. Madison and Gerald B. Stephenson, a partnership d/b/a Muscle Shoals Sound Publishing Co., a division of Northside Partners; Peermusic III Ltd. |
| Line 5 | Date(s) of Registration | 11/11/77 |
| Line 6 | Registration No(s). | Ep 375950 |
| Line 7 | Date(s) of Infringement | 02/15/24 |
| Line 8 | Place of Infringement | Stolen Sun Brewing & Roasting Company |

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 3 | |
| Line 2 | Musical Composition | Hit The Road Jack | |
| Line 3 | Writer(s) | Percy Mayfield | |
| Line 4 | Publisher Plaintiff(s) | Tangerine Music Corp. | |
| Line 5 | Date(s) of Registration | 1/9/89 | 10/6/61 |
| Line 6 | Registration No(s). | RE 418-412 | Ep 157079 |
| Line 7 | Date(s) of Infringement | 02/15/24 | |
| Line 8 | Place of Infringement | Stolen Sun Brewing & Roasting Company | |